Elmer E. Rose, Appellant, *v.* Commercial Mutual Accident Co. .

*Accident insurance—Construction of policy—Overexertion—Province of court.*

In an action to recover on an accident policy for weekly payments under the accident indemnity clause, a nonsuit was properly entered when the injury resulting was a hemorrhage caused from efforts exerted in lifting a sewer manhole, the policy exempting from the insurance " all accidental injury or death resulting from or caused directly or indirectly, wholly or in part by . . . . lifting or overexertion."    The construction of the policy was for the court and the evidence being undisputed there was nothing to be submitted to the jury.

Argued Dec. 14, 1899.   Appeal, No. 177, Dec. T., 1899, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1898, No. 945, entering nonsuit.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed.   Opinion by BEAVER, J.

Assumpsit.   Before BRÉGY, J.

It appears from the record that this action was brought to recover on an accident policy for injuries suffered while in performance of plaintiff's ordinary occupation.

The following facts appear from the evidence:

Rose was in the employ of one of the district surveyors of the city.   He was occupied at the time in question, with an assistant, one Shaller, seeking the route of an old sewer.   On Friday, May 20, they had dug a hole several feet deep, suspecting that they had located a manhole into this sewer.   At that depth they did, in fact, unearth an iron hinged plate, with a ring attached, and both tugged with their bodies inverted, and chests jammed against the ground, to raise this lid.   Its weight was 100 or 125 pounds, and its edges more or less rusted in place.   When they had succeeded and regained their feet, Rose felt oppressed.   Though the hour was but 4 P. M., he stopped work and went home.   The next day he felt restored, and proceeded with his work as if nothing had happened.   Pursuing their task of following up this sewer, Rose, with the same assistant, came to another point where they supposed a manhole had been located.   The particular spot was covered by a piece of stone curb or coping, which weighed perhaps 250 or 300 pounds.   They set to work to move this stone, Rose placing the point of a pick under it, and by a horizontal thrust against the handle, seeking to raise it enough for Shaller to get a thicker bar underneath.   By a return of the collapse, Rose was compelled to desist and he left work at once, in the late forenoon.

He went home, rested all day, but in the evening took a bath, partook of supper and started to go out subsequently.   He was overtaken by a hemorrhage from the lungs.   This hemorrhage became violent, confined him to his bed, and in all disabled him to an extent equaling the terms of the policy for a period of some eight or ten weeks.

There was medical testimony attributing the hemorrhage and

disability exclusively to a strain upon the blood vessels in the lungs, caused by one or both efforts and the circumstances under which they were made.

The court below entered a nonsuit, which on plaintiff's motion it refused to take off, filing the following opinion: "If the injury complained of here can be classified as accidental, we think it was clearly caused by 'lifting or overexertion,' liability for which, from those causes, is specially excluded by the terms of the policy." Plaintiff appealed.

*Error assigned* was in entering judgment of nonsuit and refusing to take it off.

*E. Spencer Miller,* for appellant.—Injury due to a strain or other failure of the physical substance is as much an accident as injury caused by a failure or unexpected movement of an external object: Accident Co. v. Reigart, 23 S. W. Rep. 191; Travelers' Assn. v. Smith, 85 Fed. Rep. 401; Ins. Co. v. Burroughs, 69 Pa. 43.

An exception of "lifting or overexertion" in an accident policy does not suspend the policy as to every slightest occasion when the insured lifts anything, or uses a trifling exertion. It only relieves the company from the consequences of an obvious imprudence, and what is such an imprudence is always for the jury: Reynolds v. Accident Assn., 59 Hun, 13; Burkhard v. Ins. Co., 102 Pa. 262.

It is now well recognized as a general rule that when a stipulation or an exception to a policy of insurance, emanating from the insurers, is capable of two meanings, the one is to be adopted which is most favorable to the insured: May on Insurance, secs. 172–179; Wood on Insurance, secs. 141–146; Allen v. Ins. Co., 85 N. Y. 473.

*Chester. N. Farr, Jr.,* for appellee.—The question "what constitutes an accident" does not necessarily arise in this case, though it is submitted, even if the term "accident" were taken in its broadest legal significance as construed by the courts the appellant could not recover here, since the uniform trend of the decisions in this country has been to hold

that there must be some unforeseen, unexpected external happening causing the injuries complained of before the term can apply, and that an unforeseen or unexpected result of causes voluntarily assumed or voluntarily put in motion by the assured will not bring the case within the definition. But it is to be noted in this case that the company appellee, by agreement expressed in the policy of insurance, specifically undertook to indemnify the assured only against "bodily injuries effected . . . . through external, violent and accidental means," and consequently the question immediately narrows itself to determining whether the injuries suffered by the assured were caused by means within the language of the policy above quoted. All three of the qualifying conditions, viz : external, violent and accidental, must concur to enable recovery to be had by the assured : Feder v. Traveling Men's Assn., 107 Iowa, 538 ; McCarthy v. Ins. Co., 8 Biss. 362; Southard v. Assurance Co., 34 Conn. 574; Accident Assn. v. Barry, 131 U. S. 100 ; Accident Assn. v. Cobb, 96 Ga. 818 ; Sinclair v. Ins. Co., 3 El. & El. Q. B. 478.

Even if it be assumed that this was was an accident, and arose from "external, violent and accidental means," the question is then reached whether even with this assumption the appellant's claim is not barred by the exception in the policy.

This clause, now found in most accident insurance policies, has been rarely construed by the courts. Two cases can be found. The first of these is almost identical with the one now before the court.

In Metropolitan Accident Assn. v. Bristol, 69 Ill. App. 492, the insured attempted to lift a pump stock out of a well. While so doing he felt a severe pain in his back, arising from the effort made. He fell to the ground and was confined to his bed. It was held that such an injury was due to lifting or overexertion and was excepted by the policy, which contained a clause similar in its provisions to the one now before the court.

The other case referred to is the one quoted by appellant in his paper-book, namely, Reynolds v. Equitable Accident Assn. 59 Hun, 13.

We give the quotation in full, not stopping where the appellant stops, and again call attention to the fact that detached extracts may be cited to prove most anything.

"'Lifting or overexertion,' to take the case out of the contract, must be a voluntary and unnecessary act on the part of the insured; one from which injury might reasonably be anticipated, and which might in the exercise of reasonable care have been avoided; and that an effort to lift, or overexertion put forth in a moment of danger, as, for instance, in the effort to save one's self from being crushed by a descending weight, was not within the exception of the policy."

The facts of this case were that the assured and others were assisting in raising into position the bent of a bridge by means of pike poles; when the bent was half way up to the perpendicular, the foot of one of the posts slipped, the top of the bent settled back, and an unexpected weight was thrown on the top of the poles, the insured being either struck in the side by his pole or subjected to a strain of great severity.

OPINION BY BEAVER, J., January 17, 1900:

The plaintiff claims under an accident insurance policy for weekly payments under the accident indemnity clause of his policy. The injury of which he complains was caused by his effort on one or both of two several occasions to lift or move an iron hinged plate or a stone covering manholes in a sewer, the route of which he was endeavoring to locate as one of the district surveyors of the city of Philadelphia. The means employed by him were ordinary and in no sense exceptional. There was no accident from unforeseen external cause. In the effort to lift the iron plate with ring attached thereto, he laid prone upon the earth face downwards and lifted with his hands. In the second case, the effort to lift the stone covering was by the use of a pick placed under it and an outward thrust against the handle. The injury which resulted—whether from the effort to lift the iron plate or that which occurred a day or two afterwards to lift the stone covering does not appear—was a hemmorrhage from the lungs, attributed by the medical experts to a strain upon the blood vessels in the lungs caused by one or both efforts hereinbefore referred to and the circumstances under which they were made. In the sense that the result of the efforts made by the plaintiff was unforeseen by him, it might be called accidental, and if there were nothing else in the case, it might be that, under the authority of U. S. Mutual Accident

Association v. Barry, 131 U. S. 100, the question might have been properly submitted to a jury.

In the policy, however, under which the plaintiff seeks to recover, the following condition is set forth, subject to which he must, of course, be held to make his claim: " 1. The insurance under this certificate shall not extend to or cover disappearances or injuries of which there is no visible mark on the body of the insured, nor extend to or cover accidental injuries or death resulting from or caused directly or indirectly, wholly or in part by hernia, fits, vertigo, somnambulism or disease in any form, poison in any form or manner, contact with any poisonous substances, inhaling gas, surgical operations or medical treatment, duelling, fighting or wrestling, war or riot, lifting or overexertion," etc. Admitting, for the sake of the argument, that the result of the plaintiff's efforts to raise the objects upon which he exerted his strength was an accident, although not caused by unforeseen, external means, it was unquestionably due to lifting or overexertion, and accidents arising from such a cause are expressly excepted from the operation of the certificate or policy under which he claims. Accepting the ingenious distinction made by the plaintiff's counsel that the effort to raise the stone was not by lifting but by an effort of strength exerted horizontally against the handle of the pick, the effort was to lift the stone and, whether the unlooked for and untoward result was occasioned by the effort to lift the iron plate, which was the direct exertion of his strength from above upon the plate below, or the subsequent effort to raise the stone in the manner indicated, it must have been occasioned either by lifting or overexertion. That must be considered an overexertion which causes a result such as was the unfortunate consequence of the plaintiff's act or acts. The question is not what would be an overexertion on the part of a man of greater strength than the plaintiff or of a man of average strength, but what was an overexertion on the part of the plaintiff in the condition in which he was at the time the so-called accident happened. The result itself is the evidence of the overexertion, for the means employed by him were not extraordinary or unusual and were not deemed by the plaintiff himself unsuited to his physical condition.

Viewing the case from any point of view, we cannot see that,

under the provisions of the certificate or policy upon which a recovery was sought, there was anything to be submitted to the jury. The nonsuit was properly entered and the failure to remove it, upon application, was not error.

Judgment affirmed.